U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

JAN 1 6 2015

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RANDAL WARDLE,                    )
                Plaintiff,        )
                                  )
v.                                )          No. 3:14-CV-3972-N
                                  )
U.S. MEDICAL CENTER FOR FEDERAL   )
PRISONERS, ET AL.,                )
                Defendants.       )

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this

case has been referred to the United States Magistrate Judge.  The findings, conclusions and

recommendation of the Magistrate Judge follow:

## I.  Background

Plaintiff is currently in a medical facility in Tyler, Texas.  He filed this unspecified

complaint against the United States Medical Center for Federal Prisoners, the University of Texas

Medical Center at Tyler and its nursing staff, the Terrell State Hospital, Dr. Mathews and

President Obama.  The Court has granted Plaintiff leave to proceed *in forma pauperis*.  The Court

did not issue process, pending preliminary screening.

Plaintiff's complaint is rambling and unclear.  He states in his complaint that Dr. Mathews

and the University of Texas nursing staff are "trying to murder me as the U.S. Supreme Court said

they'd pay mother the billions I'm owed if I die before I get paid by the President and mother

would pay for sex as if Mr. Ling and Obama could marry her for the money as I refuse to go to

bed with to get paid – I'm not for sale, nor "gay." He also states Defendants are "threatening to use Echumenical (sic) movement to promote communism as if it's only Catholicism by Protestant America as I have to be crucified like Peter but that makes me some Mordecai in the Gate and not only will they hang on their own gallows but I must get their $150 Billion that I could have earned on the TV/Radio and in the fashion industry . . . ." Plaintiff also filed correspondence consisting of the same type of unintelligible claims. He seeks $6 billion in damages from the State of Texas, $50 billion from President Obama, and various other millions from hospitals and others.

## II. Discussion

A district court may summarily dismiss a complaint filed in forma pauperis if it concludes, inter alia, that the action is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Williams*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is grounded upon a discredited or untenable legal theory. *Neitzke*, 490 U.S. at 325. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); see also *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Plaintiff's complaint recites fantastic charges which are fanciful and delusional in nature. Dismissal is warranted under these circumstances. *See, e.g., Patterson v. U.S. Government*, No. 3:08-CV-1730-K, 2008 WL 5061800 (N.D. Tex. Nov. 25, 2008) (dismissing complaint alleging that plaintiff received messages through the television to return to her husband, that she was being tracked by a remote control bracelet and that someone at a family crisis center threatened to put

her in a dungeon); *Melton v. American Civil Liberties Union*, No. 3:07-CV-856-M, 2007 WL 2263953 (N.D. Tex. Jul. 30, 2007) (dismissing complaint alleging ACLU and its attorneys, acting as Russian agents, violated plaintiff's civil rights by using the courts to attack the United States Constitution and set up a communist government); *Daniel v. FBI*, No. 3:03-CV-1281-N, 2003 WL 21436479 (N.D. Tex. Jun. 17, 2003), *rec. adopted*, 2003 WL 21555130 (N.D. Tex. Jul. 8, 2003) (dismissing complaint alleging that FBI stalked, harassed, and tried to poison plaintiff because she ran as a write-in candidate for President of the United States). The Court recommends that Plaintiff's complaint be dismissed.

## III. Recommendation

The Court recommends that the complaint be dismissed with prejudice pursuant to the 28 U.S.C. § 1915(e)(2).

Signed this _16_ day of _January_, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).